THOMAS B. TRAFTON v. ELIZA O. CORNELL.[1]

Nov. 18, 1895.

Nos. 9397—(58).

**Mortgage Foreclosure—Notice—Amount Due.**

　　A notice of foreclosure of a mortgage upon real property under a power was regular upon its face, and it was therein stated that "there is claimed to be due, and is due and unpaid, upon the mortgage debt, at the date of this notice, the sum of ten dollars." As a matter of fact, the amount so stated to be due was for an instalment of interest. *Held*, that it was not necessary to state in the notice that the amount claimed to be due was for such instalment.

Appeal by plaintiff from a judgment of the district court for Hennepin county, in favor of defendant, entered in pursuance of the findings and order of Jamison, J. Affirmed.

*Smith, Pulliam & Smith*, for appellant.

*Loran C. Stevenson*, for respondent.

COLLINS, J. Action to recover an asserted surplus arising from a mortgage foreclosure under a power of sale. The findings of fact

1 Reported in 64 N. W. 1148.

are not assailed by appellant, mortgagor and owner of the land when the sale was made. The foreclosure notice was regular on its face, and stated that there "is claimed to be due, and is due and unpaid, upon the mortgage debt, at the date of this notice, the sum of ten dollars," and, further, that the sale would be made "to satisfy said mortgage debt." The court found that the statement as to the amount due was strictly correct, that the amount so stated was due as interest, and, further, that the amount of the debt on the day of sale, as evidenced by the note secured, was $315.45. Defendant mortgagee was the purchaser at the sale for $275, and after satisfying the amount claimed to be due, $10, and the costs of sale, including an amount stipulated as attorney's fees in case of foreclosure, applied the balance on the note. It is the amount of this balance which plaintiff seeks to recover.

As we understand his counsel, their contention is that it was incumbent upon the mortgagee to distinctly state in the notice of sale that the sum of $10 was due as an instalment of interest, and that if it were not so stated she would have no right to retain from the proceeds, and apply upon the debt, the sum remaining after paying the $10 and the costs of foreclosure, including the attorney's fees; all above these amounts being surplus, to which the mortgagor owner would be entitled. Such contention is devoid of merit. The right to foreclose the mortgage stands admitted. The notice contained all of the statutory requirements (G. S. 1894, § 6033), including a strictly accurate statement of the amount claimed to be and actually due upon the mortgage debt. No question is or can be raised as to the regularity of the foreclosure proceedings, for their regularity is affirmed by an action to recover an alleged surplus. The statute nowhere requires that the amount of the mortgage debt shall be specified in the notice, and in the one in question there was nothing which justifies the assertion of counsel that it contained a plain, unequivocal statement that the entire debt secured was but $10. In fact it could well be inferred to the contrary from what was stated.

Nor is there anything in G. S. 1894, § 6031, as counsel seem to think, indicating that, if the foreclosure be for an instalment of principal or interest, the notice must contain something in addition to the statutory requirements. Certainly the copy of the notice of foreclosure which counsel have appended to their brief, as a guide, and with the

assurance that it was prepared in strict conformity with the provisions of the sections last mentioned, contains nothing more than what is required by the statute, except the information that the mortgage being foreclosed contained a condition authorizing the mortgagee to declare the whole amount of principal and interest secured thereby to be due in case of a failure to pay an instalment of interest at maturity, and, further, that the mortgagee had, as authorized, elected to declare, and did declare, the entire amount of principal and interest due, for the purposes of foreclosure. The mortgage in hand contained no such condition, or, at least, we are not to presume that it did. The premises involved consisted of a single tract of land, and the statute required a sale to the highest bidder. After paying the amount actually due on the debt at the time of sale, and the costs of sale, the balance of the proceeds was applicable to the payment of the mortgage debt. As the residue was less than the debt, there was no surplus.

Judgment affirmed.